THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NADER DUTTA and CHIZUKO DUTTA,<br><br>Plaintiffs,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TAKING MOTION UNDER ADVISEMENT AND GRANTING LEAVE TO AMEND COMPLAINT**<br><br>Case No. 4:20-cv-00031-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises out of serious injuries Plaintiffs Chizuko Dutta and Nader Dutta ("the Duttas") suffered when they were struck by a car. After receiving policy limits from the driver's insurance, the Duttas attempted to recover from their own insurance carrier, Amica, under the underinsured motorist ("UIM") provision in their insurance contract. Amica declined coverage. The Duttas filed this suit, alleging that Amica had breached contractual and extra-contractual duties to Plaintiffs by declining coverage. Both parties stipulated that Texas law applied to the Dutta's contractual claims.[1] Amica filed a Motion for Summary Judgment ("Motion"), seeking summary judgment on all claims.[2]

In 2021, after the time to amend the pleadings in this action expired, the Texas Supreme Court issued the decision of *Allstate v. Irwin ("Irwin II")*.[3] *Irwin II*, and subsequent cases interpreting *Irwin II*, clarified two important principles under Texas law. First, a breach of

---

[1] Stipulated Motion Concerning Appicability [sic] of Texas Substantive Law and Severance and Abatement of Extra-Contractual Claims, docket no. 33, filed December 9, 2020.

[2] Defendant Amica Mutual Insurance Company's Motion for Summary Judgment, docket no. 54, filed February 3, 2022.

[3] *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263 (Tex. 2021).

contract claim pursuant to a UIM contract is not ripe until there has been a judicial determination of liability for an underlying tortfeasor. Second, a breach of contract action pursuant to a UIM contract is not an appropriate way to obtain that judicial determination.

The only claim currently pending in this action is a claim for breach of contract pursuant to a UIM contract. The Duttas have not pled that they have obtained a judicial determination of the tortfeasor's liability. Therefore, the Duttas have no ripe claims.[4]

Because no claim is ripe, the motion cannot be considered at this time. In the interests of judicial economy, rather than dismissing the claims without prejudice, the Duttas will be given leave to amend their complaint to add a claim such as a claim for declaratory judgment.

## BACKGROUND

In April 2020, the Duttas filed a lawsuit against Amica, their insurer, seeking claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and infliction of emotional distress.[5] The Duttas' claims arose out of Amica's alleged failure to pay UIM benefits pursuant to the Duttas' insurance contract with Amica after the Duttas were struck by a vehicle.

Because both the Duttas and Amica are domiciled in Texas, the parties stipulated in December 2020 that Texas law applied to the contractual claims in this action.[6] They also stipulated, pursuant to Texas law, to sever and abate extra-contractual claims until liability for the underlying tortfeasor was established.[7]

---

[4] Although neither party raised this issue, a federal court has a duty to consider whether a claim is ripe *sua sponte*. See *Capital Bonding Corp. v. New Jersey Supreme Court*, 127 F. Supp. 2d 582, 597 (D.N.J. 2001).

[5] Complaint, docket no. 2, filed April 6, 2020.

[6] Stipulated Motion Concerning Appicability [sic] of Texas Substantive Law and Severance and Abatement of Extra-Contractual Claims.

[7] *Id*.

Alongside this stipulation, the Duttas filed an amended complaint. The amended complaint asserted two claims: (1) for "Uninsured Motorist Benefits Pursuant to Contract" and (2) for "Breach of the Implied Covenant of Good Faith and Fair Dealing."[8] The second claim is extra-contractual and is currently severed and abated by the parties' stipulation.[9]

On February 3, 2022, Amica filed the Motion seeking summary judgment on all claims.[10] The Duttas filed an opposition,[11] and Amica filed a reply.[12]

## DISCUSSION

In *Brainard v. Trinity Universal Ins. Co*,[13] the Texas Supreme Court held that "a claim for UIM benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist."[14] *Brainard* thus established that there is no contractual duty to fulfill a UIM provision unless there has been a "judicial determination" of the tortfeasor's liability.[15] Accordingly, a contractual claim for UIM benefits is not ripe until that judicial determination is made.[16] The Texas Supreme Court noted in *Brainard* that one manner of obtaining this judicial determination was the plaintiff directly filing suit against the

---

[8] First Amended Complaint and Jury Demand, docket no. 36, filed December 20, 2020.

[9] Stipulated Motion Concerning Appicability [sic] of Texas Substantive Law and Severance and Abatement of Extra-Contractual Claims.

[10] Defendant Amica Mutual Insurance Company's Motion for Summary Judgment, docket no. 54, filed February 3, 2022.

[11] Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 56, filed February 28, 2022.

[12] Defendant Amica Mutual Insurance Company's Reply Motion for Summary Judgment, docket no. 59, filed March 18, 2022.

[13] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

[14] *See id*.

[15] *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 238 (Tex. App. 2012).

[16] *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4204148, at *3 (W.D. Tex. Sept. 15, 2021).

tortfeasor.[17] While the Texas Supreme Court did not explicitly opine as to other ways in which a plaintiff could obtain the judicial determination, it did note that the insured was not necessarily required to seek a judgment against the tortfeasor, but rather could settle with the tortfeasor and then "litigate UIM coverage with the insurer."[18]

In 2021, the Texas Supreme Court decided *Irwin II*, clarifying the process of obtaining a judicial declaration of tortfeasor liability.[19] *Irwin II* involved a similar factual background to this case. In *Irwin II*, plaintiff Irwin settled with a tortfeasor for policy limits. Subsequently, Irwin's insurance carrier refused UIM benefits.[20] Irwin sued his carrier, seeking a determination of damages, a declaratory judgment that he was entitled to recover under UIM coverage, and attorney's fees. Unlike this case, however, Irwin's pleadings invoked the Uniform Declaratory Judgment Act for all relief.[21] A jury ruled in favor of Irwin, and he received full UIM limits from his carrier, as well as attorney's fees on all his claims.

In affirming the manner in which Irwin obtained a judicial determination of the tortfeasor's liability, the Texas Supreme Court noted "*Brainard* does not explain what form this [judicial determination] litigation should take beyond commenting on the unique nature of the UIM contract, which conditions benefits 'upon the insured's legal entitlement to receive damages from a third party.'" Accordingly, the court held that a declaratory judgment was an appropriate remedy for an injured insured to establish entitlement to UIM benefits from a carrier, and thus fulfill *Brainard's* prerequisite to a breach of contract claim. The dissent noted that the effect of

---

[17] See *Brainard*, 216 S.W.3d at 818.

[18] *Id*.

[19] See *Irwin II*, 627 S.W.3d at 265.

[20] *Id*. at 266.

[21] *Id*.

this decision was "[t]he Court mandat[ing] the use of a [declaratory judgment] action to try the tort issues used to determine the extent of UIM coverage."[22]

Since *Irwin II*, federal courts in Texas have rejected any attempt to establish a tortfeasor's liability though a breach of contract action against an insurer. For example, a federal court in the Western District of Texas recently held:

> "Texas case law does not allow a scenario such as this, in which [a plaintiff] files suit asserting breach of contract and other causes of action against Allstate to determine [a tortfeasor's] liability and any applicable damages. . . . If an insured chooses to proceed directly against the insurer, rather than the alleged tortfeasor, and the action proceeds in federal court, this judgment may be obtained through a declaratory judgment of liability."[23]

Similarly, a court in the Southern District of Texas noted that *Irwin II* cited multiple Texas cases which concluded that "a declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's UIM claim against his insurer."[24] A determination of the underlying tort issues must therefore occur *before* a breach of contract claim can be brought.[25]

Texas law does not allow an insured to bring a breach of contract suit against an insurer to establish a tortfeasor's liability. Instead, if an insured sues the insurer without first obtaining a judgment in an action against the tortfeasor, the insured must bring a declaratory judgment action.

The only pending cause of action in this action is "Uninsured Motorist Benefits Pursuant to Contract." The claim appears to be a breach of contract action, although parties appear to treat

---

[22] *Irwin II*, 627 S.W.3d at 277 (Hecht, C.J., dissenting).

[23] *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4204148, at *2 (W.D. Tex. Sept. 15, 2021).

[24] *Stelly v. ATM Trucking, LLC*, No. CV H-21-3302, 2021 WL 5771933, at *4 (S.D. Tex. Dec. 6, 2021) (quoting *Irwin*, 627 S.W.3d at 267).

[25] *Id*. at *3.

the action as akin to a negligence claim.[26] A negligence claim is also not available against Amica in these circumstances.[27] Therefore, whether treated as a breach of contract or a negligence claim, the pending claim is not viable at this time.

The typical remedy in a situation such as this, where the Duttas do not have a ripe claim, is to dismiss the action without prejudice and allow the Duttas to re-file with a declaratory judgment claim to make the contract claim ripe. However, this case has been in discovery for almost two years at this point. It would be a waste of judicial resources to require the re-litigation of this case. Accordingly, the Duttas will be given leave to amend their complaint to add a claim for a declaratory judgment.[28] Any such claim should be brought under the Federal Declaratory Judgment Act, not its Texas analogue.[29]

**ORDER**

For the foregoing reasons, it is hereby ORDERED:

1. The Duttas are given leave to amend their complaint within 28 days of the entry of this order and must do so to avoid a dismissal without prejudice.

2. The parties are directed to meet and confer, and within 45 days of the entry of this order, file a status report informing the court if any additional briefing is needed on the Motion for Summary Judgment, and if so, the schedule for such briefing.

3. The trial scheduled for July 19, 2022, is hereby VACATED.

---

[26] See Motion at 9-12; Memorandum in Opposition to Defendant's Motion for Summary Judgment at 2.

[27] See *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 456 n.8 (Tex. App. 2016).

[28] See *Ali v. Allstate Indem. Co.*, No. 4:20-CV-02769, 2021 WL 3868306, at *2 (S.D. Tex. Aug. 9, 2021), report and recommendation adopted, No. 4:20-CV-02769, 2021 WL 3860716 (S.D. Tex. Aug. 30, 2021).

[29] See *id.* at *2 n.1; *see also Surefoot L.C. v. Sure Foot Corp.,* No. 207-CV-67 TS, 2007 WL 1412931, at *3 (D. Utah May 10, 2007).

4. A new scheduling order will issue if parties choose to submit an amended complaint and request additional briefing on the Motion.

5. If no additional briefing is requested on the Motion for Summary Judgment and if the Motion is denied, a new scheduling order will issue within 14 days of the ruling on the Motion.

Dated April 28, 2022.

BY THE COURT:

David Nuffer
United States District Judge

.